**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-04-1253-F |
| | ) |
| JESUS ARANDA, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Two motions are before the court in this foreclosure action. The first is the "United States of America's Motion for Summary Judgment Against Defendant Aranda," filed April 11, 2005 (docket entry no. 26). The second is the "Plaintiff United States' Motion for Default Judgment as to Non-Appearing Defendants," filed April 28, 2005 (docket entry no. 28). Both motions are ready for determination.

<u>Motion for Summary Judgment</u>

The standards for evaluating the motion for summary judgment are set in Federal Rule of Civil Procedure 56(c). Per that rule, summary judgment shall be granted if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party has the burden of showing the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). In determining whether a genuine issue of a material fact exists, the evidence is to be taken in the light most favorable to the non-moving party. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 157 (1970). All reasonable inferences to be drawn from the

undisputed facts are to be determined in a light most favorable to the non-movant. United States v. Agri Services, Inc., 81 F.3d 1002, 1005 (10th Cir. 1996). Once the moving party has met its burden, the opposing party must come forward with specific evidence, not mere allegations or denials, demonstrating that there is a genuine issue for trial. Posey v. Skyline Corp., 702 F.2d 102, 105 (7th Cir. 1983).

A motion which is not objected to may be deemed confessed. LCvR7.2(e). Here, the time for objecting to the motion for summary judgment has expired and no objection has been filed and no extension of time has been requested within which to object. The court finds that the motion is well supported and that it is appropriate to deem the motion confessed. Accordingly, the court concludes that the motion for summary judgment against defendant Aranda should be granted for the reasons stated in the motion and because it has been confessed.

### Motion for Default Judgment

With respect to the United States' motion for default judgment, the court finds that, as stated in the motion, the non-appearing defendants are in default. The court concludes that the motion should be granted for the reasons it sets out.

### Conclusion

Having carefully reviewed the submissions, the pleadings, the record, and the relevant arguments and authorities, the court determines as follows.

The United States' Motion for Summary Judgment Against Defendant Aranda is **GRANTED**.

The United States' Motion for Default Judgment as to Non-Appearing Defendants is also **GRANTED**.

These rulings dispose of all issues in this action. The parties have submitted a proposed "Foreclosure Judgment," approved by counsel for the United States and

-3-

counsel for defendant Aranda.  That Foreclosure Judgment will be entered separately on the court's docket.

Dated this 3rd day of May, 2005.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

04-1253p006(pub).wpd